UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW J. SHERVEN,

    *Plaintiff*,

v.       Civil Action No. 22-cv-2099 (UNA)

CENTRAL INTELLIGENCE AGENCY,

    *Defendant*.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, and Application for Leave to Proceed *in forma pauperis*. *See generally* ECF No. 1 (Complaint); ECF No. 2 (Application to Proceed *in Forma Pauperis*). Upon review of the record and the relevant law, the Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss a case "at any time" if it determines that the action is frivolous.

According to the Complaint, Plaintiff is allegedly the victim of a mind-control program, pursuant to which the Central Intelligence Agency ("CIA") surveils, tortures, and otherwise harasses him. *See* Compl. at 1–2. For example, Plaintiff alleges that CIA agents read his mind, watch images entering his head, and listen to his thoughts. *See id.* at 2. Further, agents allegedly beam videos and political propaganda into Plaintiff's head while he sleeps, *see id.*, stimulate his nerves to cause his muscles to twitch, *see id.* at 4, and caused military helicopters to circle his house, *see id.* at 6. According to Plaintiff, the CIA's purpose is "to drive [him] insane and force him to admit himself into a mental hospital, get him misdiagnosed with a mental disorder, and

force him to tell a psychologist that he is a pedophile." *Id.* at 1.

First, the Court reviews Plaintiff's Application to proceed *in forma pauperis*, and determines that he meets the requisite standard. *See McKelton v. Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970) (requiring showing that plaintiff cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of life" due to poverty).

Second, the Court assesses Plaintiff's Complaint. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On review of the Complaint, the Court concludes that its factual allegations are "irrational or . . . wholly incredible." *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"). Since the Court cannot exercise subject matter jurisdiction over a frivolous complaint, it is constrained to dismiss the Complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

A separate Order shall issue this day.

                                                                     FLORENCE Y. PAN
                                                                     United States District Judge

Date:   August 2, 2022